UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CARLA REDDING, | 6:11-6212-TC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| LANE COMMUNITY COLLEGE, | |
| Defendant. | |

COFFIN, Magistrate Judge:

    Plaintiff Carla Wright is a disabled adult. She suffers from various conditions which substantially limit one or more major life activities, including walking. She has a disabled parking permit, issued by the state of Oregon, which she uses. In 2008, plaintiff enrolled in classes at defendant Lane Community College (LCC). With the help of LCC's disability office, she secured classroom seating that minimized the number of stairs she needed to climb and obtained softer chairs in each of her classes.

    On July 1, 2009, plaintiff attended class at LCC and parked in a handicapped space. After class, as she approached the passenger side of her car, she tripped and fell due to a hole measuring

Page 1 - OPINION AND ORDER

approximately six inches across and one inch deep in the handicap access aisle beside plaintiff's car. Plaintiff finished the 2009 summer term and then withdrew from her fall classes after attending about one week of classes.

In June 2011, plaintiff filed this action against LCC, alleging claims under: the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794 and 3; and Oregon common law. I granted plaintiff's counsel's motion to withdraw in March 2012. In July 2012, LCC filed a motion for summary judgment on plaintiff's claims. As plaintiff is proceeding pro se, I issued an order advising her of the requirements for opposing a motion for summary judgment. (#27). Plaintiff filed a response to the motion, and LCC filed its reply. I find the briefing on the motion sufficient, and decline LCC's request for oral argument. The parties have consented to magistrate judge jurisdiction, and for the reasons stated below, I grant LCC's motion for summary judgment.

## Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp.,

Page 2 - OPINION AND ORDER

Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

**1.   ADA Claim**

Plaintiff claims that, by failing to maintain the handicapped access aisle and by failing to repair the hole in which plaintiff tripped, LCC excluded and denied her access to LCC's programs and services and discriminated against her on the basis of disability.

In order to survive summary judgment on her ADA discrimination claim, plaintiff must establish a genuine issue of fact or prove that she (1) is a qualified individual with a disability; (2) was either excluded from participating in or denied the benefits of a public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits or discrimination was because of her disability. Weinreich v. Los Angeles Co. Metro. Trans., 114 F.3d 976, 978 (9th Cir. 1997). LCC concedes that plaintiff is a qualified individual with a disability, but argues that plaintiff cannot establish either that she was

Page 3 - OPINION AND ORDER

excluded from LCC's programs or services or that her alleged exclusion occurred because of her disability.

As a public entity, LCC must operate each "service, program, or activity so that the service program, or activity, when viewed in the entirety, is readily accessible to and usable by the individuals with disabilities." 28 C.F.R. § 35.150. The Ninth Circuit has held that failure to provide disabled access on a few occasions did not violate the ADA or Section 504. Bird v. Lewis & Clark College, 303 F.3d 1015, 1018 (9th Cir. 2002). Instead, the central inquiry is whether a program, "when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." Id. (internal citations omitted). Here, plaintiff's claims arise from one tripping incident on July 1, 2009. Plaintiff does not establish that she or any other disabled person was denied LCC's programs and services due to the hole in the parking lot. Instead, the record shows that after her July 1, 2009 fall, plaintiff was able to continue attending LCC and finish out the summer term and attend about one week of fall semester classes.

Even assuming arguendo that plaintiff had established an issue of fact regarding whether the hole in the parking lot prevented her from participating in LCC's programs and services, her ADA claim would fail because she cannot establish an issue of fact regarding whether she was excluded from LCC's programs or services due to her disability. Weinreich, 11 F.3d at 978. As LCC notes, a hole in a parking lot can impact any person, regardless of disability. Thus, any exclusion by virtue of tripping on a parking hazard cannot be said to be an exclusion due to disability. See e.g., Ms. K v. City of South Portland, 407 F.Supp.2d 290, 294 (D. Maine 2006) (holding that an icy sidewalk on which a disabled student slipped did not constitute an ADA violation because it was a hazard for "disabled and non-disabled alike.").

Page 4 - OPINION AND ORDER

Accordingly, I grant LCC's motion for summary judgment on plaintiff's ADA claims.

2. **Section 504 Claims**

Plaintiff alleges that LCC violated her rights under Section 504 by: failing to maintain the handicapped access aisle; failing to repair the hole in which plaintiff tripped; and failing to warn plaintiff about the hole.

To survive summary judgment on her Section 504 claim, plaintiff must establish an issue of fact regarding: (1) she is a qualifying individual; (2) she was "denied the benefits of the program solely by reason of h[er] disability;" and the program receives federal aid." Weinreich, 114 F.3d at 978. LCC concedes that plaintiff is a qualifying individual and that LCC receives federal aid but argues that plaintiff cannot establish that she was denied the benefits of LCC's programs due to her disability. Section 504 provides that "no otherwise qualified individual with a disability...shall, solely by reason of her or his disability be excluded from participation in or denied the benefits of, or be subjected to discrimination" by certain entities. The Ninth Circuit has held that the appropriate interpretation of "solely" is a "motivating factor." Head v. Glacier NW, Inc., 413 F.3d 1053, 1065 (9th Cir. 2005). This requires proof that a discriminatory reason "more likely than not motivated" the discriminating party. Id.

Even assuming that the hole in LCC's parking lot excluded plaintiff from LCC's programs and services, she cannot establish an issue of fact about whether the exclusion was based on her disability. Plaintiff has not established any evidence that LCC failed to maintain the parking lot or to warn her about the hole because of her disability. As noted above, the hole had the potential to affect disabled and non-disabled alike. Finally, the record also shows that, despite tripping, plaintiff finished out the summer term and attended a week of fall term classes. She therefore cannot

establish that she was excluded from LCC's programs or services in violation of Section 504 Accordingly, I grant summary judgment on plaintiff's Section 504 claim.

3. **Oregon Premises Liability Negligence Claim**

Plaintiffs' final allegation against LCC is a negligence claim. The Oregon Tort Claims Act (OTCA) requires that a public entity receive notice of claims within a specified time after a loss or injury. ORS 30.275(2). This is to give the public entity timely notice of the tort and allows its officers a chance to investigate the claim and, if the claim is meritorious, settle it without litigation. Robinson v. Shipley, 64 Or. App. 794, 797 (1983). A plaintiff can satisfy the OTCA's notice requirements by: (1) formal notice; (2) actual notice; or (3) by bringing an action against the entity. In cases such as plaintiffs, notice is required within 180 days of the alleged injury. ORS 30.275.

Here, plaintiff's fall happened on July 1, 2009 and LCC contends that she did not provide notice of her claim against LCC until LCC was served with this action in July 2011–well over 180 days after the fall. Plaintiff asserts that she provided LCC actual notice. Actual notice is a communication to the public body giving actual knowledge of the time, place and circumstance giving rise to the claim and the communication must be "such that a reasonable person would conclude that a particular person intends to assert a claim against the public body." ORS 30.275(6). Plaintiff asserts that she left two messages for Dawn Barth, LCC's emergency and risk management analyst after the accident. Plaintiff, however, cannot remember the substance of her first message and her second message requested a return call. Barth stated in her declaration that she did not hear about plaintiff's claim until the lawsuit was filed in July 2011. (#22, ex 2 at 4:15-25 and 5:1-13). I find that plaintiff has not established that she provided actual notice of her claim within the requisite 180 days such that a reasonable person would have concluded she intended to file a claim

against LCC. Thus, plaintiff failed to comply with the OTCA notice requirements, and I grant summary judgment on her negligence claim.

## Conclusion

For the reasons stated above, I grant summary judgment in favor of LCC on all of plaintiff's claims. This action is dismissed with prejudice.

The Clerk is directed to enter judgment in accordance with this order.

IT IS SO ORDERED

DATED this 19th day of November 2012.

THOMAS M. COFFIN
United States Magistrate Judge